In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1600

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PATRICK J. RYAN,

Defendant-Appellant.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 96 CR 743-2--Harry D. Leinenweber, Judge.


Argued February 10, 2000--Decided May 16, 2000


        Before COFFEY, FLAUM and DIANE P. WOOD, Circuit
Judges.

        COFFEY, Circuit Judge.  On November 20, 1996,
Defendant-Appellant Patrick J. Ryan ("Ryan") was
indicted and charged in Count one with
participating in a scheme to defraud financial
institutions and in Counts two through six with
making false statements on loan or credit
applications, and went to trial in the Northern
District of Illinois on December 9, 1997. At the
conclusion of a jury trial, the defendant was
found guilty on all counts and on February 11,
1999, the court sentenced Ryan to thirty-three
months on each count, ordered to run concurrently
and concurrent with each other, restitution in
the amount of $676,880.00, and upon release, a
three year supervised release term. After his
conviction and sentencing, Ryan filed a motion
for a new trial, which was denied by the court.
Thereafter, Ryan appealed, arguing that the court
abused its discretion when it admitted evidence
that he failed to report about $136,000.00 in
kickbacks and commissions on his tax returns and
when it denied his motion for a new trial because
newly discovered evidence revealed that one of
the government's key witnesses later admitted to
embezzling money from his employer. We AFFIRM.

I.  BACKGROUND

        In 1989, Michael Notaro ("Notaro"), president of

Statistical Tabulating Corporation ("STC"), a computer services company located in Chicago, Illinois, attempted to obtain refinancing on the company's printers and computers. After rejections from several banks and finance companies, Notaro approached defendant Ryan to assist STC in obtaining financing. Ryan at the time was the vice-president of a company that located and brokered financing for businesses.

The bank fraud scheme in this case is theoretically simple but factually complex: Notaro and Ryan submitted loan applications with false financial documentation that inflated the financial soundness of STC. Specifically, to obtain loans and refinancing agreements from First National Bank of Dolton, Standard Federal Savings and Loan Association, and LaSalle Bank Lakeview, Notaro and Ryan submitted false STC financial statements that listed collateral that did not exist as security for the loans and fraudulent invoices for payment of equipment that was never purchased. Notaro paid Ryan approximately $136,000.00 in kickbacks and commissions for his assistance in securing the financing from the loan and refinancing proceeds. When STC went down and filed for bankruptcy, the banks were left with substantial losses.

At trial, over Ryan's objection, the court admitted evidence that the defendant failed to report the $136,000.00 that he had received from Notaro for his assistance in the bank fraud scheme. Following his conviction but before sentencing,/1 Ryan moved for a new trial based on newly discovered evidence, revealing that a government witness, William T. Roberts ("Roberts"), the lending officer for LaSalle Bank Lakeview, had confessed to his own embezzlement of over $500,000 from the bank. The district court denied the defendant's motion, finding that his motion for a new trial did "not attack the fundamental finding that LaSalle, a federally secured institution, made a loan to [STC] based on false information that was provided to the bank by Ryan." The defendant appealed.

II. ISSUES

On appeal, the defendant claims that the court abused its discretion when it: (1) admitted evidence that he had failed to report the $136,000.00 in kickbacks and commissions on his tax returns; and (2) denied his motion for a new trial despite newly discovered evidence revealing the illegal activity of one of the government's key witnesses.

III. DISCUSSION

A. The Admissibility of Ryan's Failure to Report

His Kickback Payments

Ryan contends that the court abused its discretion when it admitted evidence that established his failure to report on his tax returns the $136,000.00 he received from Notaro for his assistance in securing financing for STC. We review a trial judge's evidentiary ruling for abuse of discretion. See United States v. York, 933 F.2d 1343, 1348 (7th Cir. 1991). Indeed, we afford "great deference to the trial court's determination of the admissibility of evidence because of the trial judge's first-hand exposure to the witnesses and the evidence as a whole, and because of the judge's familiarity with the case and ability to gauge the impact of the evidence in the context of the entire proceeding." United States v. Van Dreel, 155 F.3d 902, 905 (7th Cir. 1998).

Ryan argues that this evidence was excludable as other bad acts evidence under Federal Rule of Evidence 404(b). We see no need to engage in Rule 404(b) analysis, however, because it is clear from the record that this evidence was "intricately related" to the bank fraud offense charged in the indictment. "[T]his [C]ircuit has a well-established line of precedent which allows evidence of uncharged acts to be introduced if the evidence is 'intricately related' to the acts charged in the indictment." United States v. Gibson, 170 F.3d 673, 680 (7th Cir. 1999). Under the "intricately related" doctrine, the admissibility of Ryan's failure to disclose the $136,000.00 as income on his tax returns turns on:

whether the evidence is properly admitted to provide the jury with a complete story of the crime on trial, whether its absence would create a chronological or conceptual void in the story of the crime or whether it is "so blended or connected" that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of, the charged crime.

United States v. Ramirez, 45 F.3d 1096, 1102 (7th Cir. 1995) (alterations and citations omitted) (emphasis added).

The trial judge concluded and we agree that the crime that Ryan was charged with in Count one (bank fraud under 18 U.S.C. sec. 1344) is a specific intent crime. The judge found that the evidence of his failure to report the kickbacks in his tax returns "is evidence of a cover-up, attempted cover-up, which has generally been held to be admissible as far as casting some reflection on how the defendant evaluated his own conduct." The judge further concluded that the

probative value of the evidence outweighed its prejudice because it tended to "prove [the bank fraud] by acts [committed] afterwards."

Indeed, "[a] conviction for bank fraud under 18 U.S.C. sec. 1344 requires proof that the defendant acted 'willfully and with specific intent to deceive or cheat, usually for the purpose of getting financial gain for one's self or causing financial loss to another.'" United States v. Pribble, 127 F.3d 583, 592 (7th Cir. 1997) (quoting United States v. Moede, 48 F.3d 238, 241 (7th Cir. 1995)). Further,

[i]ntent to defraud must be proven to obtain a conviction for bank fraud. Howard, 30 F.3d at 874; United States v. LeDonne, 21 F.3d 1418, 1426 (7th Cir. 1994). We have defined intent to defraud as acting willfully and with specific intent to deceive or cheat, usually for the purpose of getting financial gain for one's self or causing financial loss to another. United States v. Sims, 895 F.2d 326, 329 (7th Cir. 1990). Intent to defraud can be proven by circumstantial evidence and by inferences drawn from the scheme itself. Howard, 30 F.3d at 874; LeDonne, 21 F.3d at 1426. Circumstantial evidence of intent to defraud includes such conduct as knowingly depositing a forged check, knowingly depositing an NSF check, knowingly writing checks on an inadequate account balance, violating bank rules, and providing falsified information on loan documents. See, e.g., Howard, 30 F.3d at 874; LeDonne, 21 F.3d at 1427-28; Hammen, 977 F.2d at 384; United States v. Ragosta, 970 F.2d 1085, 1090-91 (2nd Cir. 1992), cert. denied, 506 U.S. 1002, 113 S.Ct. 608, 121 L. Ed. 2d 543 (1992).

Moede, 48 F.3d at 241-42 (emphasis added).

Thus, Ryan's efforts to conceal his participation in the bank fraud scheme by failing to report the some $136,000.00 in kickbacks and commissions received from Notaro, constituted "[c]ircumstantial evidence of intent to defraud." See id. The tax-return evidence also tended to "cast doubt on the credibility of" his defense that he advanced at trial--that he was ignorant of the fraudulent aspects of the transactions. See Gatineau v. Fleet Mortgage Corp., 137 F.3d 490, 495-96 (7th Cir. 1998). Because this evidence was highly probative of his specific intent to commit bank fraud and rebutted his "ignorance" defense, we conclude that the trial judge did not abuse his discretion in admitting evidence of his failure to report his kickbacks and commissions received from Notaro on his tax returns.

B.  Motion for a New Trial

We next turn to the defendant's claim that the court abused its discretion when it denied his motion for a new trial because newly discovered evidence existed that would have exonerated him. Federal Rule of Criminal Procedure 33 provides that "[o]n a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." As we have previously stated, "[p]robably the most frequent basis for a Rule 33 motion--and the only one specifically mentioned in the rule--is one 'based on the ground of newly discovered evidence.'" United States v. Woolfolk, 197 F.3d 900, 905 (7th Cir. 1999) (citing United States v. Kamel, 965 F.2d 484, 490 (7th Cir. 1992)). As a reviewing court, "we approach such motions with great caution and are wary of second-guessing the determinations of both judge and jury." United States v. DePriest, 6 F.3d 1201, 1216 (7th Cir. 1993); Kamel, 965 F.2d at 490. As such, we review motions for a new trial based on newly discovered evidence for abuse of discretion. Woolfolk, 197 F.3d at 904.

To receive a new trial based on newly discovered evidence, the defendant must demonstrate that the evidence (1) came to their knowledge only after trial; (2) could not have been discovered sooner had due diligence been exercised; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial. United States v. Kamel, 965 F.2d 484, 490 (7th Cir. 1992); Jarrett v. United States, 822 F.2d 1438, 1445 (7th Cir. 1987).

Ryan argues that the discovery of the illegal embezzlement activity by the LaSalle Bank loan officer, who testified at trial on behalf of the government, justified the granting of a new trial. But the district court concluded and we agree that this new evidence "does not attack the fundamental finding that LaSalle, a federally insured institution, made a loan to [STC] based on false information that was provided to the bank by Ryan. . . . It in no way tends to prove that Ryan may have been innocent of the scheme." Indeed, Roberts' testimony at trial simply established that he was the bank officer who handled loan applications and relied upon the information given to him by Ryan and Notaro. Further, the defendant has failed to direct this Court's attention to any fact that establishes that Roberts' embezzlement from LaSalle Bank was connected to Ryan's participation in the bank fraud scheme. This new evidence neither casts doubt nor supports Ryan's theory of defense--that

he relied on and believed Notaro when he submitted the false financial information. Thus, because Roberts' illegal activity was unrelated to Ryan's participation in the bank fraud scheme, the defendant has failed to establish and we are unconvinced that Roberts' embezzlement of funds from LaSalle Bank would probably lead to an acquittal in the event of a retrial. Kamel, 965 F.2d at 490. We conclude that the judge did not abuse his discretion when he denied the defendant's motion for a new trial.

IV.  CONCLUSION

The court did not abuse its discretion when it admitted evidence of Ryan's failure to report the some $136,000.00 in kickbacks and commissions he received from Notaro on his tax returns and when it denied his motion for a new trial. We AFFIRM the defendant's conviction and sentence.

/1 Notaro entered a plea of not guilty, but died due to illness prior to trial.