NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008
Decided November 14, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1323

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 07 CR 40 |
| GERALD W. KACAK *Defendant-Appellant.* | Philip P. Simon, *Judge.* |

## O R D E R

Gerald Kacak pleaded guilty to two counts of bank fraud, *see* 18 U.S.C. § 1344, and was sentenced to a total of 27 months' imprisonment. As part of his written plea agreement, Kacak waived his right to challenge his convictions or sentence. Despite this waiver, Kacak filed a notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Kacak opposes counsel's motion. *See* Cir. R. 51(b). We confine our review to the potential issues identified in counsel's submission and in Kacak's response. *See United States v. King*, 506 F.3d 532, 534 (7th Cir. 2007).

An appeal waiver must be enforced if it is entered into as part of a voluntary guilty plea and is unambiguous. *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008); *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997). Kacak wants his guilty pleas set aside, so both he and counsel consider whether a ground exists to challenge them. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). As Kacak did not move to withdraw his pleas in the district court, we would evaluate any potential issue for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).

Counsel cannot identify any flaw in the plea colloquy. Kacak, however, contends that the district court erred in two respects. First, he argues that the court should have directly engaged him in a colloquy to establish the factual basis for his pleas rather than allowing his attorney to question him to draw out the facts. Second, Kacak contends that, even with his attorney's questioning, the court never developed an adequate factual basis because he never admitted that he had the requisite intent to defraud. Both contentions are frivolous.

To ensure the voluntariness of a guilty plea, the district court must substantially comply with Rule 11 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 11(b); *United States v. Shuh*, 289 F.3d 968, 975 (7th Cir. 2002). That rule requires the district court to satisfy itself that a factual basis exists before entering judgment on a guilty plea, Fed. R. Crim. P. 11(b)(3), *United States v. Rea-Beltran*, 457 F.3d 695, 700 (7th Cir. 2006), but the court is not obligated to engage the defendant in a colloquy to establish the factual basis, *United States v. Arenal*, 500 F.3d 634, 638 (7th Cir. 2007); *United States v. LeDonne*, 21 F.3d 1418, 1424 (7th Cir. 1994). Rather, the court may find the factual basis from anything that appears on the record. *LeDonne*, 21 F.3d at 1424. Indeed, in *LeDonne* we held that the procedure used here—placing the defendant under oath and directing his lawyer to elicit the relevant facts—is sufficient to comply with Rule 11. *See id.* at 1424-25.

Furthermore, Kacak's responses to his attorney's questions confirmed that he intended to defraud the banks. *See United States v. Jackson*, 540 F.3d 578, 594 (7th Cir. 2008). Intent to defraud means that the defendant "'acted willfully and with specific intent to deceive or cheat, usually for financial gain for one's self or the causing of financial loss to another.'" *Id.* (quoting *United States v. Lamarre*, 248 F.3d 642, 649 (7th Cir. 2001)). The defendant's intent may be proven by circumstantial evidence and inferences drawn from the scheme itself. *Id.*; *United States v. Ryan*, 213 F.3d 347, 350 (7th Cir. 2000). Here, Kacak confirmed that he endorsed and deposited two sizable checks, knowing they were fraudulent and would be dishonored, and that he wired the proceeds overseas. Nothing more was needed to establish his intent to defraud. *See Lamarre*, 248 F.3d at 649 (explaining that knowingly depositing forged or non-sufficient funds check or knowingly writing check on inadequate account balance constitutes circumstantial evidence of intent to defraud).

We agree with counsel, then, that a challenge to Kacak's guilty pleas would be frivolous.  It therefore follows that Kacak's appeal waiver must be enforced.  Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.