NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 17, 2008
Decided January 5, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-1187

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:06-cr-30117-DRH-1 |
| MONTEZ L. FULLER, *Defendant-Appellant*. | David R. Herndon, *Chief Judge.* |

**O R D E R**

Montez Fuller was convicted by a jury of armed bank robbery and of using a firearm in a crime of violence. *See* 18 U.S.C. §§ 924(c), 2113(a), (d). On appeal he argues only that his statutory and constitutional rights to a speedy trial were violated. The delays between his arraignment and trial were excusable, however, and we affirm the judgment of the district court.

In June 2006, Fuller participated in two bank robberies in Granite City and Alton, Illinois along with Clarence Thomas, Bonnie and Levada Brown, and Philip Bailey. Both robberies involved firearms, and in the second, shots were fired during the getaway. Bonnie Brown was arrested the day of the second robbery and implicated Fuller, who was arrested on June 19, 2006. Fuller was indicted on August 18, 2006, and on October 19, 2006, Levada Brown, who remained at large, was added to the indictment. A forfeiture count involving Fuller's car was also added that day. Brown was eventually arrested on January 16, 2007, and arraigned the same day.

The Speedy Trial Act allows for certain continuances if they are granted to serve the "ends of justice." *See* 18 U.S.C. § 3161(h)(8). The district court granted several such continuances. On October 23, 2006, the court granted Bailey's motion to continue, finding that the ends of justice required that he be given more time to prepare for trial, and set trial for January 23, 2007. On January 8, 2007, the court granted another continuance in response to a motion made by Thomas, and found that the ends of justice demanded that the trial be delayed so that Thomas would have adequate time to prepare for trial, postponing trial until May 15, 2007. Levada Brown and Bailey later moved to continue, and on April 11, 2007, the district court granted their motion to continue, again entering an ends-of-justice finding, to allow Brown and Bailey more time to prepare for trial, which was reset for August 21, 2007. On May 16, the government moved to continue, because a witness was unavailable for an August 21 trial. The district court granted this final continuance and reset the trial for August 27, but did not enter an "ends of justice" finding for this six-day delay.

Fuller moved on July 13, 2007, to dismiss the indictment with prejudice for violation of his statutory and constitutional rights to a speedy trial. The district court denied the motion on August 6, 2007.

Fuller's trial began on August 27, 2007, and he was found guilty on August 30, 2007. In January 2008, he was sentenced to 564 months' imprisonment, and he now appeals the district court's denial of his motion to dismiss.

Fuller first argues that the length of time between his arraignment and his trial violated the Speedy Trial Act, 18 U.S.C. § 3161. He argues that either the explicit terms of the Act were violated by the time that elapsed, or that, even if the delays technically complied with the terms of the Act, the "spirit and purpose" of the Act were violated.

The Speedy Trial Act provides that a criminal defendant's trial must begin within seventy days of indictment or initial appearance, whichever comes last. 18 U.S.C. § 3161(c)(1); *United States v. Broadnax*, 536 F.3d 695, 697 (7th Cir. 2008). But some delays may be excluded from the

time for a speedy trial, including delays resulting from the need to indict a codefendant, and delays resulting from motions filed by defendants. *See* § 3161(h)(1)(F); *United States v. Rollins*, 544 F.3d 820, 829 (7th Cir. 2008). When a district court excludes time from the 70-day limit, it must state its reasons for finding that the "ends of justice" are served by the delay, and that those ends outweigh the interests of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(1); *United States v. Broadnax*, 536 F.3d at 698. Where calculation of time is an issue, our review is de novo. *United States v. Parker*, 508 F.3d 434, 438 (7th Cir. 2007).

The district court was correct that Fuller's speedy trial clock did not run out—in fact only six days ran on Fuller's Speedy Trial clock. The clock does not begin to run until the initial appearance of the last codefendant. *United States v. Farmer*, 543 F.3d 363, 368 (7th Cir. 2008). So Fuller's clock began to run when his last codefendant, Levada Brown, was arrested and arraigned on January 16, 2007. The time between January 16 and May 15 is excluded from the calculation because a motion to continue had already been granted, with appropriate ends-of-justice findings, that pushed back the trial to May 15, 2007. On April 11, 2007, while the clock was still tolled, the district court granted another motion to continue, this time by Fuller's codefendants Brown and Bailey. The district court again made an ends-of-justice finding and reset the trial date to August 21, 2007. The delays prior to August 21, 2007, are excluded from the calculation, then, because continuances granted to codefendants to serve the ends of justice do not count against the clock. *See* § 3161(h)(8); *United States v. Larson*, 417 F.3d 741, 745 (7th Cir. 2005). Only the continuance requested by the government pushing the trial one week further back, to August 27, 2007, was granted without an ends-of-justice finding, and that continuance resulted in six untolled days running on the clock.

Fuller argues that his clock began to run earlier, before Brown's arraignment, and urges us to start calculating from the date of his, Fuller's, original indictment. He argues that the superseding indictment that charged Brown and added a forfeiture count should be dismissed because, he says, the government unnecessarily delayed indicting Brown and adding the forfeiture count in violation of § 3161(b). To that end, Fuller cites a district court case from California, *United States v. Van Brandy*, 563 F.Supp. 438, 440 (S.D. Cal. 1983), which found that the government's delay in waiting until the eve of trial to file a superseding indictment adversely affected the orderly proceeding of the trial. We have previously distinguished *Van Brandy*, *see United States v. Hemmings*, 258 F.3d 587, 592-93 (7th Cir. 2001), and do so again in this case. Here, the superseding indictment naming Levada Brown as a defendant was not issued on the eve of trial. In fact, Fuller was not tried until ten months after that indictment, so the orderly proceeding of his trial was unaffected by Brown's later indictment.

Fuller also urges that the delay between his superseding indictment and arraignment, along with the court's continuance without ends-of-justice findings, violated the spirit of the Act. He

argues that the time excepted from the clock and the rule that the clock starts running when the last codefendant is arraigned are merely "technical exceptions." But these are more than technical exceptions. The Act specifically provides that the court may exclude time from the Speedy Trial clock if it would serve the "ends of justice." *See* 18 U.S.C. § 3161(h)(7)(A); *United States v. Broadnax*, 536 F.3d at 698 (noting that "ends of justice" determination is a matter of discretion). And it is settled that the clock begins running at the arraignment of the last codefendant. *See Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); *Farmer*, 543 F.3d at 368). The delays Fuller complains of are specifically countenanced by the Act, and do not violate its spirit.

Fuller next argues that his Sixth Amendment speedy trial right was violated. More than a year passed between his indictment and his trial, and Fuller argues that that delay, even if it did not violate his statutory right, violated the Constitution's guarantee of a "speedy and public trial." He argues he suffered prejudice to his defense and hardship from his pretrial detention, and was entitled to have his indictment dismissed.

We weigh four factors to determine whether a defendant's constitutional right to a speedy trial has been violated: the length of the delay (even time that may be excluded under the Act), whether the government or the defendant is more to blame for the delay, whether the defendant asserted his speedy trial right, and whether there was prejudice because of the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992); *United States v. Wanigasinghe*, 545 F.3d 595, 597 (7th Cir. 2007). A delay of one year is presumptively prejudicial—that is, it triggers further analysis of the four factors. *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007).

Even where a delay is long enough to be presumptively prejudicial, though, we look to the length of the delay to decide how the delay should be weighed. *Doggett*, 505 U.S. at 651-52. The question is the extent to which the delay exceeds the minimum length that triggers further analysis. *Oriedo*, 498 F.3d at 597; *United States v. White*, 443 F.3d 582, 590 (7th Cir. 2006). The length of delay in this case does not weigh strongly in Fuller's favor because it hardly exceeds the minimum at all; Fuller was arraigned almost exactly one year before he was tried, and arrested two months prior.

The second factor is the apportionment of blame: who was more at fault for the delay, the defendant or the government. This factor is of particular importance, and has been called "the flag all litigants seek to capture." *Williams v. Bartow*, 481 F3d 492, 506 (7th Cir. 2007) (quoting *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986)). This factor does not weigh in Fuller's favor at all. Nearly all of the delays were attributable to the joining of codefendants and continuances sought by those codefendants, and are not attributable to the government. See *United States v.*

*Abad*, 514 F.3d 271, 274-75 (2nd Cir. 2008) (valid reasons for delay include defense motions and joinder of codefendants); *Oriedo*, 498 F.3d at 599.

Third, there is the question whether the defendant asserted his speedy trial right. In this case, Fuller did, filing a motion to dismiss on July 13, 2007 (R. 159.) So this factor does weigh in his favor.

The fourth factor is prejudice. In some cases, the length of the delay alone may establish prejudice. *Doggett v. United States*, 505 U.S. 647, 655-56 (1992); *United States v. Arceo*, 535 F.3d 679, 686 (7th Cir. 2008). This is because time may erode evidence and testimony in ways that the parties cannot identify or prove, and so the importance of this sort of prejudice increases with the time elapsed. *Doggett*, 505 U.S. at 655-56. But even when prejudice may be presumed from the length of the delay, it is insufficient to carry the day for a defendant absent a strong showing on the other factors. *See Oriedo*, 498 F.3d at 600-01 (delay of three years was "substantial," but was insufficient to constitute Sixth Amendment violation).

Fuller argues that he suffered two kinds of prejudice. First, he argues that he suffered general anxiety and discomfort in waiting for trial. But this sort of prejudice, absent some detriment to the defense, and without a strong showing on the other factors, will not warrant dismissal, because actual prejudice, which may "skew the fairness of the entire system," is the most important consideration. *Id.* at 601 (internal citations omitted). To that end, Fuller asserts that the main witness against him could not pick him out of a lineup near the time of the robberies, but could a year later at trial, and that she must have seen his picture in media reports over the year before trial. But Fuller offers no evidence that the witness was ever shown a lineup around the time of the crimes. Nor does he support his argument that the witness was influenced by media reports. Accordingly, even though Fuller asserted his Sixth Amendment rights prior to trial, three of the four prongs do not favor him; thus his constitutional right to a speedy trial was not violated.

Accordingly, the judgment of the district court is AFFIRMED.