NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2011[*]
Decided May 19, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 10-3546 & 10-3547

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:06CR30117-001 DRH |
| MONTEZ LAMAR FULLER, *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

After a jury trial Montez Fuller was convicted of armed bank robbery, 18 U.S.C. § 2113(a), (d), and using a firearm during a crime of violence, *id*. § 924(c)(1)(A)(ii). We upheld his convictions on direct appeal. *United States v. Fuller*, 306 F. App'x 297 (7th Cir. 2009). Fuller then moved in the district court for a new trial, *see* FED. R. CRIM. P. 33, and for the return of property seized when he was arrested, *see* FED. R. CRIM. P. 41(g). The district court denied both motions, and Fuller has filed an appeal from each decision, which we

---

[*] After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2)(C).

have consolidated. We affirm the denial of his motion for a new trial, but we vacate in part the order denying Fuller's motion for the return of his property.

Fuller and his codefendants robbed two credit unions in southern Illinois in June 2006. Soon after the second robbery, deputy United States marshals tracked Fuller to a hotel room in St. Louis, Missouri. They obtained a federal warrant to search the room for Fuller and another suspect, as well as for evidence of the robberies. When they executed the warrant, the marshals were accompanied by local police officers from Alton, Illinois, where one of the credit unions is located. Fuller was in the room, as was $4,100 in currency. That money was seized along with several items of "gold colored" jewelry, a watch, and six pairs of shoes. All of those items apparently were released to the Alton officers for use in prosecuting state charges, which were filed that same day.

Ten months later, after a federal grand jury had indicted Fuller for bank robbery, FBI agents went to the Alton Police Department to retrieve the money and personal property seized from Fuller's hotel room. The shoes and watch and jewelry were handed over, but the currency had disappeared from the department's evidence vault. Federal prosecutors disclosed this theft to Fuller before trial. They also told Fuller that the only suspect was Mickey Dooley, an Alton police officer who was present in the hotel room and also served as one of the department's evidence technicians and custodians. The prosecutor moved in limine to prevent Fuller from alerting the jury about the theft; the government argued that the information would not be relevant because it did not intend to call Dooley as a witness or introduce any evidence from the bank robberies or hotel room that he alone processed. Fuller's attorney opposed the motion but was unable to provide the district court with a theory making Dooley's alleged theft relevant to his client's trial. No evidence about the theft was presented at Fuller's trial.

About a year after Fuller's trial, Dooley was convicted of stealing the $4,100 from the evidence vault. Fuller then filed his pro se motion for a new trial, arguing that Dooley's conviction was newly discovered evidence that undermined his own convictions. He also asserted that the government suppressed exculpatory evidence, *see Brady v. Maryland*, 373 U.S. 83 (1963), by not informing him that the credit unions had been robbed again in June and July 2007 by unrelated suspects. The district court denied this Rule 33 motion as untimely. The court concluded that Fuller's motion did not present any new evidence because he knew about the Dooley investigation before trial and, at the very least, should have known about the other robberies. Thus, the court reasoned, Fuller's motion should have been filed within the seven-day deadline that governed Rule 33 motions premised on a ground other than newly discovered evidence. *See* FED. R. CRIM. P. 33(b)(2) (2005). And even if the motion was timely, the court continued, Dooley's guilt was not material to Fuller's convictions and would not warrant a new trial.

Meanwhile, the $4,100 apparently was never recovered, and a year after the Supreme Court had denied review of our decision affirming Fuller's convictions, the government still had not returned, or done anything else, with the jewelry, watch, or six pairs of shoes. So Fuller filed his Rule 41 motion demanding the return of the money and personal property. The district court denied the motion based upon the government's representation that the property was subject to forfeiture and that it planned to apply the proceeds toward the $58,000 that Fuller owes in restitution.

We start with Fuller's challenge to the denial of his Rule 33 motion. He argues that Dooley's conviction is newly discovered evidence because at the time of trial he knew only that Dooley was accused of stealing money, not that he was guilty. Fuller also insists that the government used evidence processed by Dooley at trial. As an initial matter, we agree with the district court that Dooley's theft is not new evidence, so Fuller's motion is untimely. The government had informed Fuller and his attorney before trial that money had been stolen from the evidence vault and that Dooley was the only suspect. Dooley's theft was irrelevant to the charges of bank robbery for which Fuller was tried, and Dooley's eventual conviction did not inject significance into the previously disclosed theft. Fuller's citation to *United States v. Robinson*, 627 F.3d 941 (4th Cir. 2010), does not disrupt our conclusion. Moreover, contrary to Fuller's assertion, the government did not submit evidence handled by Dooley. Because Dooley's guilt is immaterial to Fuller's convictions, the district court did not abuse its discretion in denying Fuller's motion for a new trial. *See United States v. Ryan*, 213 F.3d 347, 351-52 (7th Cir. 2000).

Fuller also argues that the government committed a *Brady* violation by not affirmatively telling him that the credit unions had been robbed again by others. This claim is frivolous because Fuller would have known that information by reading the local newspaper. Regardless, a *Brady* claim is not an appropriate ground for a Rule 33 motion because it constitutes a collateral attack on a conviction that must be brought in a motion under 28 U.S.C. § 2255. *United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2000). Fuller explicitly told the district court that he did not want his motion for a new trial to be construed as a motion under § 2255, so the district court should not have addressed the merits of this claim. *See Henderson v. United States*, 264 F.3d 709, 710 (7th Cir. 2001).

We now turn to the denial of Fuller's motion under Rule 41(g). Fuller argues primarily that he is entitled to the property because the government never moved for its forfeiture and did not establish a nexus between the items and the bank robberies. Although the government has not run out of time to initiate a judicial forfeiture, *see* 18 U.S.C. § 981(d); 19 U.S.C. § 1621; *Longenette v. Krusing*, 322 F.3d 758, 766-77 (3d Cir. 2003), it no longer asserts any intention to do so. That is not surprising, since the cash has vanished and neither party has asserted that the other items have more than a negligible value. Moreover, as Fuller recognizes, the government only speculates—but has never tried to establish—that

the jewelry, watch, and shoes were bought with proceeds of the robbery. *See* 18 U.S.C. § 981(a)(1)(C).

The government continues to insist, however, that it is entitled to apply the proceeds of the property toward Fuller's restitution obligation. Thus, we are told, if the government prevails in this appeal, it plans to apply for a writ of execution under the Federal Debt Collection Procedures Act, 18 U.S.C. § 3203, and levy against the jewelry, watch, and shoes. The FDCPA is an appropriate vehicle for the government to use to collect the restitution that Fuller owes, *see United States v. Sloan*, 505 F.3d 685, 693 (7th Cir. 2007), but it has taken no action to apply for a writ of execution. It could have done so years ago, but did not. A representation that in the future the government might take action that it could have undertaken years ago is not a legitimate basis for retaining the property, and unless and until it seeks a writ of execution, the government has no greater claim to the property than Fuller and, as the record stands, must return his personal effects. *See Jackson v. United States*, 526 F.3d 394, 396-97 (8th Cir. 2008); *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005). And if the government does seek to levy on Fuller's shoes and jewelry, it may find them to be exempt from collection. 28 U.S.C. § 3014(a)(1); 11 U.S.C. § 522(d)(3),(4).

It is undisputed, however, that the $4,100 that Fuller seeks was stolen by Dooley. Because the government does not have the money, Rule 41(g) provides no avenue for its return. *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007). Nor did Fuller seek any other relief in the district court for return of the money. *See United States v. Norwood*, 602 F.3d 830, 836-37 (7th Cir. 2010). And in any event, Fuller's claim to this money appears to be frivolous, since it was recovered from his hotel room just days after he robbed the credit union. It is reasonably likely that the $4,100 was proceeds from the robbery, *United States v. Dooley*, 578 F.3d 582, 584 (7th Cir. 2009), and, thus, Fuller would have no entitlement to the money, *see United States v. Kaczynski*, 551 F.3d 1120, 1129 (9th Cir. 2009); *United States v. Cook*, 406 F.3d 485, 488-89 (7th Cir. 2005); *United States v. Dean*, 100 F.3d 19, 20-21 (5th Cir. 1996).

Finally, we note that the district court allowed Fuller to proceed with his motion under Rule 41(g), and with his appeal from the denial of that motion, without paying the filing and docketing fees. Postjudgment motions under Rule 41(g) are civil actions subject to the Prison Litigation Reform Act. *Stevens*, 500 F.3d at 629; *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004). On remand the district court should initiate collections under the PLRA for the fees that are due. *See* 28 U.S.C. § 1915(b).

The judgment in appeal number 10-3546 is AFFIRMED. The judgment in appeal number 10-3547 is AFFIRMED as to the denial of Fuller's demand for return of the $4,100, and, as to the remaining items, VACATED and REMANDED for further proceedings consistent with this order.