FILED
United States Court of Appeals
Tenth Circuit

July 21, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY DEMITRI BROWN,

Petitioner - Appellant,

v.

D. BERKEBILE, Warden,

Respondent - Appellee.

No. 14-1159
(D.C. No. 1:14-CV-00162-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, McKAY**, and **MATHESON**, Circuit Judges.

Timothy Demitri Brown, a federal prisoner at the Federal Correctional Institution

in Florence, Colorado, appearing pro se,[1] appeals the district court's dismissal of his

application for a writ of habeas corpus under 28 U.S.C. § 2241. Mr. Brown argued

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Brown is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

before the district court that "(1) he is entitled to the relief [his co-defendant] was granted by the Supreme Court; (2) the prosecution withheld exculpatory evidence proving Mr. Brown's innocence; and (3) [the statutes under which he was convicted] do not apply to Mr. Brown" and he is therefore factually innocent.  ROA, Vol. I at 56.

The district court determined Mr. Brown was attempting to challenge his conviction and sentence and had failed to demonstrate the remedy available to him in the sentencing court under 28 U.S.C. § 2255 was inadequate or ineffective.  It therefore dismissed his application for lack of statutory jurisdiction.  Mr. Brown appeals and requests leave to proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under § 1291, we affirm the district court, dismiss Mr. Brown's petition, and deny his motion to proceed *ifp*.

## I.  BACKGROUND

Mr. Brown was convicted of eight counts of drug-related offenses in violation of 21 U.S.C. §§ 841 and 846 in the United States District Court for the Western District of Louisiana.  The court sentenced him to life in prison on May 10, 2002.  The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence.  *See United States v. Brown*, 86 F. App'x 749 (5th Cir. 2004).  Mr. Brown did not file a petition for certiorari to the United States Supreme Court.[2]

---

[2] Mr. Brown asserted in his Motion to Reconsider before the district court in the District of Colorado that he did file for certiorari.  The district court determined that Mr. Brown filed a petition for certiorari on December 23, 2002—before the Fifth Circuit

Continued . . .

On January 24, 2005, Mr. Brown filed a 28 U.S.C. § 2255 motion in the Western District of Louisiana. On January 20, 2006, the court adopted a magistrate judge's report and recommendation to deny Mr. Brown's § 2255 motion.

Meanwhile, Mr. Brown's co-defendant, Kenneth Wayne Pearson, filed a writ of certiorari to the Supreme Court, which remanded Mr. Pearson's case to the Fifth Circuit for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Pearson v. United States*, 543 U.S. 1116 (2005) (mem.). The Fifth Circuit remanded Mr. Pearson's case to the district court for resentencing. *United States v. Pearson*, 128 F. App'x 409 (5th Cir. 2005) (unpublished).

Mr. Brown filed a motion in Mr. Pearson's remanded appeal to recall the mandate from his direct appeal, but the Fifth Circuit refused. Mr. Brown filed a petition for certiorari from this order, which the Supreme Court denied. *Brown v. United States*, 546 U.S. 1118 (2006) (mem.).

Finally, on January 21, 2014, Mr. Brown filed a § 2241 petition in the United States District Court for the District of Colorado. The district court entered an Order to Show Cause as to why he did not have an adequate and effective remedy in the sentencing court in the Western District of Louisiana. After Mr. Brown filed a response,

---

affirmed his conviction and sentence on February 11, 2004. *See* ROA, Vol. I at 68. The Supreme Court dismissed the petition as a "writ of certiorari before judgment." *Id.* The district court concluded this petition was not from the Fifth Circuit's affirmance on direct appeal.

the district court dismissed his petition for lack of statutory jurisdiction because he failed to make a sufficient showing.

## II. **DISCUSSION**

Mr. Brown now appeals, contending: (1) the Tenth Circuit's precedent regarding adequate or effective remedies under § 2255 violates his equal protection rights[3] because it conflicts with the law of all other circuits, (2) he is actually innocent, and (3) the Tenth Circuit's precedent conflicts with Supreme Court precedent regarding the fundamental miscarriage of justice exception to procedural bars of habeas petitions.[4] He also moves to proceed *ifp*.

As a general rule, federal prisoners may challenge their convictions or sentences only under 28 U.S.C. § 2255. They may challenge the execution of their sentences under 28 U.S.C. § 2241. A § 2255 motion must be filed with the sentencing court, *see id.* § 2255(a); Mr. Brown was sentenced in the Western District of Louisiana. A § 2241 motion must be filed in the federal district court where the movant is incarcerated, *see id.* § 2241(d); Mr. Brown is imprisoned in Colorado.

A federal prisoner cannot bring more than one § 2255 challenge unless a second or successive one is based on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

---

[3] Although Mr. Brown does not specify the source of his equal protection claim, we presume it is based on the Fifth Amendment.

[4] We have reordered his arguments for ease of presentation.

evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Mr. Brown attempts to challenge his conviction and sentence under § 2241 in conflict with the general rule that such challenges must be brought under § 2255. He may rely on § 2241 only under a narrow exception called the "savings clause" contained in § 2255(e). The savings clause would allow him to bring his § 2241 challenge only if a § 2255 "motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). We agree with the district court that the exception does not apply here.

In *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011), we held the savings clause question "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." Mr. Brown has failed to show how any of the three issues in his § 2241 petition could not have been tested through a § 2255 motion.

Mr. Brown already has brought one unsuccessful § 2255 challenge in the Western District of Louisiana. He has not attempted to bring a second one. Even if he were precluded from doing so under § 2255(h), that "does not establish the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999); *see Prost*, 636 F.3d at 586.

On appeal, Mr. Brown appears to argue that other circuits would allow his § 2241 challenge based on the "erroneous circuit foreclosure" test. Under this test, § 2255 would

be inadequate or ineffective if Fifth Circuit law, at the time he was convicted and sentenced, erroneously foreclosed, based on a subsequent Supreme Court decision, the habeas claims he wishes to bring here. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (recognizing the test); *see also Prost*, 636 F.3d at 591 (describing the "erroneous circuit foreclosure test").

Of the three claims alleged in Mr. Brown's § 2241 petition, this test has nothing to do with his allegation that the prosecution withheld exculpatory evidence and violated his due process rights under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), or that he was convicted under statutes that do not apply to him. These claims plainly could have been brought under § 2255. Even if his remaining claim—that he is entitled to the relief his co-defendant received on remand following *United States v. Booker*, 543 U.S. 220 (2005)—would qualify under the erroneous circuit foreclosure test for consideration under § 2241, we rejected that test in *Prost*. 636 F.3d at 595.

Mr. Brown states our decision in *Prost* "is different from every other circuit"[5] and argues our rejection of the erroneous circuit foreclosure test violates equal protection. Aplt. Br. at 3. We reject this argument because a circuit split does not deny Mr. Brown equal protection. *See Roberts v. Holder*, 745 F.3d 928, 933 (8th Cir. 2014); *Habibi v. Holder*, 673 F.3d 1082, 1088 (9th Cir. 2011).

---

[5] Mr. Prost fails to recognize that the circuit courts have applied different tests and have not, as we explained in *Prost*, uniformly adopted the erroneous circuit foreclosure test. *See* 636 F.3d at 590-93.

Mr. Brown's arguments that he is actually innocent and that our failure to follow the other circuits in *Prost* violates the Supreme Court's "fundamental miscarriage of justice" exception are equally unavailing. This exception allows courts discretion to grant federal habeas relief in spite of procedural bars—such as the bar on second and successive § 2255 motions—where a constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("[H]abeas courts [have discretion] to see that federal constitutional errors do not result in the incarceration of innocent persons."). Mr. Brown has not shown how his actual innocence claim could not have been tested in a § 2255 motion. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (petitioner bears the burden to show § 2255 inadequate or ineffective). Mr. Brown also does not show how *Prost* conflicts with this exception.

In sum, Mr. Brown has failed to show why a § 2255 motion in the Western District of Louisiana is inadequate or ineffective under § 2255(e) so as to allow him to bring his claims in the District of Colorado under § 2241.

As to Mr. Brown's motion to proceed *ifp*, the district court denied his motion for leave to proceed on appeal *ifp* pursuant to 28 U.S.C. § 1915 because it determined any appeal from the order was not in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous."). We agree with the district court, conclude this appeal is frivolous, and deny Mr. Brown's motion to proceed *ifp*.

-7-

## III.  **CONCLUSION**

For the foregoing reasons, we affirm the district court and dismiss this case for lack of statutory jurisdiction.  We also deny Mr. Brown's motion to proceed *ifp*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge