FILED
United States Court of Appeals
Tenth Circuit

April 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANK L. GUTIERREZ,

    Defendant - Appellant.

No. 15-2120
(D.C. No. 2:09-CR-00760-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Frank L. Gutierrez was convicted in 2010 of possessing with intent to distribute more than 50 grams of methamphetamine. *See United States v. Gutierrez*, 498 F. App'x 786 (10th Cir. 2012) (affirming conviction). In March 2014, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied the motion in a final order from which Mr. Gutierrez did not appeal. Some four months later, Mr. Gutierrez filed a "Motion to Enforce Order and for Immediate Disclosure of Favorable Information," in which he alleged the

_____

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prosecution had suppressed evidence involving police misconduct in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Noting that Mr. Gutierrez's criminal prosecution and § 2255 proceeding were both closed, the district court dismissed the motion for lack of jurisdiction. The court specifically declined to treat it as a § 2255 motion, because it would be second or successive and had not been authorized pursuant to 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3). Mr. Gutierrez then commenced this appeal. We affirm.[1]

Mr. Gutierrez continues to disavow any reliance on § 2255 as a vehicle for his *Brady* allegations. Rather, he insists he was seeking enforcement of a discovery order issued in his original criminal prosecution, which he contends the district court retained inherent authority to enforce through contempt. But he cites no authority holding criminal discovery orders remain directly enforceable to vindicate *Brady* claims after final termination of the underlying prosecution. Indeed, such a holding would conflict with the exclusivity of the § 2255 remedy, which Mr. Gutierrez has not shown to be "inadequate or ineffective" for presenting a post-conviction *Brady* claim. 28 U.S.C. § 2255(e); *see Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (noting "§ 2255 will rarely be an inadequate or ineffective remedy"

---

[1] The government contends we lack jurisdiction over this appeal because the district court lacked jurisdiction over Mr. Gutierrez's motion. The government cites no authority for this novel contention, which would deny our well-established jurisdiction to review de novo questions regarding the district court's jurisdiction, *see, e.g.*, *United States v. Baker*, 769 F.3d 1196, 1198 (10th Cir. 2014); *Mires v. United States*, 466 F.3d 1208, 1209 (10th Cir. 2006). Of course, if we hold that the district court lacked jurisdiction, we cannot reach the merits of the underlying matter (here, Mr. Gutierrez's *Brady* allegations), *see Harline v. Drug Enforcement Admin.*, 148 F.3d 1199, 1202 (10th Cir. 1998), and we do not purport to do so here.

2

and that prisoner bears the burden to demonstrate such circumstances); *see also*, *e.g.*, *Brown v. Berkebile*, 572 F. App'x 605, 608 (10th Cir. 2014) (noting "allegation that the prosecution withheld exculpatory evidence and violated due process rights under *Brady*" was claim that "plainly could have been brought under § 2255"), *cert. denied*, 135 S. Ct. 1012 (2015); *United States v. Fuller*, 421 F. App'x 642, 645 (7th Cir. 2011) (holding *Brady* claim could not be brought in motion for new trial "because it constitutes a collateral attack on a conviction that must be brought in a motion under 28 U.S.C. § 2255").  Whether or not it is his intention, Mr. Gutierrez is attempting to circumvent established procedures for asserting *Brady* claims after a conviction has become final.  As the district court indicated, the proper course would be to seek authorization from this court to file a second or successive § 2255 motion, which Mr. Gutierrez may of course still do.

The order of the district court is affirmed.  We grant Mr. Gutierrez's request to proceed in forma pauperis on appeal and remind him that he must continue making partial payments until the entire filing fee is paid in full.

Entered for the Court
Per Curiam

3