**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANK GUTIERREZ,

    Defendant - Appellant.

No. 18-2148
(D.C. No. 2:16-CV-01218-RB-KBM &
2:09-CR-00760-RB-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY\***
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Frank Gutierrez, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal from (1) the district court's decision dismissing his second

28 U.S.C. § 2255 motion as an unauthorized second or successive § 2255 motion, and

(2) the district court's decision denying a portion of his Fed. R. Civ. P. 60(b) motion on

the merits and then dismissing the remainder as an unauthorized second or successive

§ 2255 motion.  We deny a COA and dismiss this appeal.

---

    \* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. Background

Mr. Gutierrez was convicted by a jury of possession with intent to distribute 50 grams or more of methamphetamine. We affirmed his conviction on direct appeal. He filed his first § 2255 motion in 2014. The district court denied the § 2255 motion, and Mr. Gutierrez did not appeal. Several months later, Mr. Gutierrez filed a "'Motion to Enforce Order and for Immediate Disclosure of Favorable Information,' in which he alleged the prosecution had suppressed evidence involving police misconduct in violation of *Brady v. Maryland*, [373 U.S. 83 (1963)]." *United States v. Gutierrez*, 645 F. App'x 607, 607 (10th Cir. 2016). Because Mr. Gutierrez's criminal prosecution and § 2255 proceeding were both closed, the district court dismissed the motion for lack of jurisdiction. In considering the appeal, we noted: "Whether or not it is his intention, Mr. Gutierrez is attempting to circumvent established procedures for asserting *Brady* claims after a conviction has become final. As the district court indicated, the proper course would be to seek authorization from this court to file a second or successive § 2255 motion, which Mr. Gutierrez may of course still do." *Id*. at 608. We then affirmed the district court's dismissal.

In June 2016, Mr. Gutierrez filed a motion for authorization in this court, but he did not raise his *Brady* claim in that motion.[1] Instead, he sought authorization to bring a

---

[1] In his Statement of the Case, Mr. Gutierrez represents that, on May 30, 2016, he "filed for permission to file a second or successive § 2255 motion, based on the Brady violations and Quintero-Leyva v. United States. Not surprisingly the request to file a second or successive motion was denied." COA App. at 4. We have no record of any filing on May 30, 2016. The only motion for authorization filed close to that time period is the motion for authorization filed on June 30, 2016, which Mr. Gutierrez captioned as

2

claim to challenge his sentence enhancement pursuant to 21 U.S.C. § 851 based on

*Johnson v. United States*, 135 S. Ct. 2551 (2015).[2]  We denied his motion.

In November 2016, Mr. Gutierrez filed a second § 2255 motion raising two

grounds for relief based on (1) the Ninth Circuit's ruling in *United States v.*

*Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), and Amendment 794 to the United States

Sentencing Guidelines; and (2) *Brady* violations.  The district court dismissed the motion

for lack of jurisdiction after determining it was an unauthorized second or successive

§ 2255 motion ("November 2016 order").  In February 2018, Mr. Gutierrez filed a Rule

60(b) motion.  The district court denied part of the Rule 60(b) motion on the merits and

then dismissed the remainder of the motion after concluding the remaining arguments

constituted second or successive § 2255 claims ("September 2018 order").  Mr. Gutierrez

now seeks a COA to appeal from the November 2016 order and the September 2018

order.

II.  Discussion

We first address the scope of our review.  "This court has jurisdiction only to

review district court judgments from which a timely notice of appeal has been filed."

*Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016).  When the government is a party

---

"Application for Authorization to File S[u]ccessive 28 U.S.C. § 2255 Motion in Light of Johnson v. United States." *In re Gutierrez*, No. 16-2168, Mot. for Auth. (filed June 30, 2016).

[2] This was the second motion for authorization Mr. Gutierrez filed in June 2016. A week earlier, he filed a motion for authorization to file a second or successive § 2255 motion based on *Johnson* to challenge his 1993 conviction for conspiracy to possess marijuana.  That motion was also denied.

3

in a civil case, the appealing party has 60 days to file a notice of appeal after entry of the judgment or order appealed from. *See* Fed. R. App. P. 4(a)(1)(B)(i). Certain post-judgment motions will toll the 60-day period if they are filed within the time periods identified in Fed. R. App. P. 4(a)(4)(A). As is relevant here, a Rule 60(b) motion can toll the 60-day period for filing an appeal if the "motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi).

Here, the district court entered its order dismissing Mr. Gutierrez's second § 2255 motion on November 17, 2016. Mr. Gutierrez did not seek to appeal that order. Almost fifteen months later, on February 9, 2018, he filed his Rule 60(b) motion. Because Mr. Gutierrez filed his Rule 60(b) motion more than 28 days after judgment was entered on his second § 2255 motion, his Rule 60(b) motion was too late to toll the time for appealing the November 2016 order. As a result, Mr. Gutierrez's October 2018 notice of appeal is timely only as to the district court's September 2018 order denying his Rule 60(b) motion. To the extent that Mr. Gutierrez's COA application attempts to challenge the district court's November 2016 order, which dismissed his second § 2255 motion as an unauthorized second or successive § 2255 motion, we lack jurisdiction to consider his arguments. Instead, our review is limited to Mr. Gutierrez's request for a COA to appeal the district court's September 2018 order.

Mr. Gutierrez does not challenge the portion of the district court's September 2018 where it ruled on the merits of his Rule 60(b) arguments. Instead, he focuses his arguments on the portion of the district court's decision construing the remainder of his Rule 60(b) motion as an unauthorized § 2255 motion and dismissing it for lack of

4

jurisdiction. He must obtain a COA to appeal from that procedural ruling. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding that a prisoner is required to obtain a COA to appeal from the district court's dismissal of an unauthorized § 2255 motion). To obtain a COA, Mr. Gutierrez must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id*. at 485.

A Rule 60(b) motion should be treated as a second or successive § 2255 motion "if it asserts or reasserts claims of error in the prisoner's conviction." *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). "In contrast, if the motion seeks to correct an error in the previously conducted § 2255 proceeding itself, it is not characterized as a successive motion." *Id*. (internal quotation marks and brackets omitted). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his Rule 60(b) motion, Mr. Gutierrez primarily focused on his claim that he had newly discovered evidence that he was arrested by corrupt police officers and that the prosecution failed to disclose this exculpatory evidence during his criminal trial in violation of *Brady*. He argued that "[i]t cannot be disputed any longer that the offenses of conviction in this criminal case were fabricated and falsified by tampering with evidence by 'CORRUPT COPS'[.]" R. at 65. He asked the district court to grant his motion, vacate his sentence, and grant him immediate release.

The district court concluded that much of Mr. Gutierrez's Rule 60(b) motion "continue[d] to challenge his conviction and sentence," and "these arguments constitute[d] successive [§ 2255] claims." *Id*. at 116. Because Mr. Gutierrez had not received authorization to file a successive § 2255 motion, the district court explained that it lacked jurisdiction to consider the merits of the successive § 2255 claims.

In his COA application, Mr. Gutierrez argues that the district court's treatment of his *Brady* claim is reasonably debatable because "[t]he district court denied the newly discovered Brady claim, as an unauthorized 'second or successive,' without even considering the merits, or holding any hearings." COA App. at 19. He also argues that "newly discovered [Brady] violations are never 'second or successive'[.]" *Id*. Mr. Guiterrez fails to cite to any legal authority for his second argument and we are aware of no such exception for *Brady* claims. His *Brady* claim is a second or successive § 2255 claim because it asserts a basis for relief from his conviction—it does not raise a claim of procedural error in his § 2255 proceedings. As for his first argument, the district court correctly determined it could not consider the merits of the *Brady* claim. As we

6

have explained, "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *Cline*, 531 F.3d at 1251. Mr. Gutierrez has not moved in this court for authorization to file his *Brady* claim. The district court's procedural ruling construing Mr. Gutierrez's *Brady* claim as an unauthorized second or successive § 2255 claim and dismissing it for lack of jurisdiction is not reasonably debatable.

Mr. Gutierrez next argues that "[t]he district court mischaracterized the True Rule 60 motion, which not only raised the procedural defects in the Court's ruling, but also raised Fraud on the Court, and prosecutorial misconduct through the knowing use of false evidence, and newly discovered Brady [violations]." COA. App. at 19. The district court did conclude that the Rule 60(b) motion raised arguments about some procedural defects in the prior § 2255 proceedings, and it denied those arguments on the merits. Mr. Gutierrez does not quarrel with the district court's disposition of those Rule 60(b) arguments. But he appears to argue that the district court should have considered other arguments as Rule 60(b) arguments, not as successive § 2255 claims. With respect to the newly discovered *Brady* violations, we explained above why his *Brady* claim is a second or successive § 2255 claim. Likewise, any claim for prosecutorial misconduct in his underlying criminal proceeding would be a challenge to Mr. Gutierrez's conviction and is therefore a second or successive § 2255 claim.

Mr. Gutierrez also contends he raised a claim of fraud on the court that should have been considered as a Rule 60(b) argument. But his arguments for fraud on the court relate to the alleged *Brady* violations that occurred during his underlying criminal

proceeding. We have acknowledged that a pleading "alleging fraud on the court in a *federal habeas proceeding*" could be properly brought in a Rule 60(b) motion. *Baker*, 718 F.3d at 1207 (emphasis added). "But a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction." *Id*.

Mr. Gutierrez's claims of *Brady* violations, prosecutorial misconduct, and fraud on the court related to *Brady* violations in his criminal proceeding all assert or reassert challenges to his conviction. Such arguments are properly brought in a § 2255 motion, not a Rule 60(b) motion. Reasonable jurists could therefore not debate the district court's decision to treat these claims as second or successive § 2255 claims, not Rule 60(b) arguments.

III. Conclusion

For the foregoing reasons, we deny a COA and dismiss this appeal. We grant Mr. Gutierrez's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk