# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1923

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHN A. COOK,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 01 CR 144—**William C. Griesbach**, *Judge.*

_____

ARGUED MARCH 31, 2005—DECIDED APRIL 29, 2005

_____

Before FLAUM, *Chief Judge,* and POSNER and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant pleaded guilty to conspiracy to distribute the illegal drug "ecstasy" and was sentenced to serve 188 months in prison and to pay the government $4,725 in restitution. He challenges his sentence on several grounds, including the ubiquitous *Booker* ground; and the government concedes that he is entitled to the limited remand authorized by our decision in *United States v. Paladino,* 401 F.3d 471, 483-84 (7th Cir. 2005); see also *United States v. Spano,* 401 F.3d 837, 842 (7th Cir. 2005);

*United States v. Askew*, 2005 WL 757381, at *11-12 (7th Cir. Apr. 5, 2005); *United States v. Coles*, 2005 WL 783069, at *5-7 (D.C. Cir. Apr. 8, 2005) (per curiam). The question is whether he is entitled to more.

The plea agreement provides in language that could not be clearer that "the government agrees to recommend to the sentencing court that the defendant receive a two-level decrease for acceptance of responsibility under Sentencing Guidelines Manual §3E1.1(a)." In compliance with the agreement, the government so recommended, and at the sentencing hearing the defendant's own lawyer said that his client was seeking a two-level decrease, and that is what the judge gave him. The defendant now claims that he's entitled to a three-level decrease. And it is true that the guidelines at the time he was sentenced would have entitled him to a three-level decrease had he asked for it. U.S.S.G. § 3E1.1(b) (2002); *United States v. Garrett*, 90 F.3d 210, 213-14 (7th Cir. 1996); *United States v. Townsend*, 73 F.3d 747, 755-56 (7th Cir. 1996); *United States v. Blanco-Gallegos*, 188 F.3d 1072, 1076-77 (9th Cir. 1999); *United States v. McPhee*, 108 F.3d 287 (11th Cir. 1997). But the government contends that by asking for the two-level decrease the defendant's lawyer waived any claim to the third level. The defendant denies there was a waiver but acknowledges that by failing to ask for the third level he forfeited the point and can be relieved from the forfeiture only if the denial of the third level was a plain error.

A forfeiture is basically an oversight; a waiver is a deliberate decision not to present a ground for relief that might be available in the law. *United States v. Olano*, 507 U.S. 725, 732-34 (1993); *United States v. Redditt*, 381 F.3d 597, 602 (7th Cir. 2004); *United States v. Williams*, 258 F.3d 669, 672 (7th Cir. 2001); *United States v. Rodriguez*, 311 F.3d 435, 437 (1st Cir. 2002). If the plea agreement had made no reference to

acceptance of responsibility and the defendant's lawyer had not asked for an acceptance-of-responsibility sentencing discount, that would be forfeiture. And likewise if he had asked, but had not indicated how many levels he wanted. But the plea agreement showed he'd negotiated for a government recommendation of two levels, and at the sentencing hearing he asked for two levels. To ask for two levels is deliberately not to ask for three. Any doubt on this score is dispelled by the provision of the plea agreement that "both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement." The number of levels for acceptance of responsibility *was* specifically addressed, so the defendant had no right to make a variant recommendation; and he didn't.

Of course it may have been a mistake to ask for two rather than three levels. But a waiver can rest on a mistake. Suppose you ordered a hamburger, and it was served to you, and it was smaller than you expected and you decided you'd made a mistake ordering only one. You couldn't argue with a straight face that you hadn't intended to order only one hamburger, that it was an oversight on your part. The plea agreement in this case states among other things that the defendant is waiving his right to trial by jury. Suppose he waived it because his lawyer told him that in the Northern District of Illinois, owing to a shortage of jurors, baboons from Brookfield Zoo are regularly empanelled to fill out criminal juries. The waiver would be based on a profoundly mistaken premise, and the defendant would be entitled to relief, but it would not be because he hadn't waived his right to trial by jury; it would be because the conviction based on the plea agreement was invalidated by the ineffective assistance rendered him by his lawyer, *United States v. Bownes*, No. 03-3016, slip op. at 5 (7th Cir. Apr. 26,

2005), and cases cited there, provided he could show that if correctly advised he would not have entered the plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *United States v. Standiford*, 148 F.3d 864, 869-70 (7th Cir. 1998). If the defendant's lawyer had no tactical reason to give up the third level—if the government made no reciprocal concession elsewhere in the agreement—the defendant might be able to demonstrate ineffective assistance of counsel. But he does not seek relief on that basis.

There are other grounds for rescinding a plea agreement besides ineffective assistance of counsel, such as mutual mistake. A plea agreement is a contract, and like any contract can be rescinded on the basis of such a mistake. *United States v. Bradley*, 381 F.3d 641, 648 (7th Cir. 2004); *United States v. Williams*, 198 F.3d 988, 993-94 (7th Cir. 1999); *United States v. Sandles*, 80 F.3d 1145, 1148 (7th Cir. 1996); see also *United States v. Lewis*, 138 F.3d 840, 841-43 (10th Cir. 1998). It is not *just* a contract; it is also a stage in a criminal proceeding. That is why, as we noted in our recent decision in *Bownes*, some defenses that would not be available in a suit to enforce an ordinary contract, such as ineffective assistance of counsel, are available in a contest over the enforceability of a plea agreement. A defendant who has signed a plea agreement has all the defenses he would have under contract law, plus some.

But our defendant isn't seeking rescission of the plea agreement. For that matter, he has presented no evidence that there *was* a mistake about the acceptance-of-responsibility sentencing discount, mutual or otherwise, rather than a deal under which he got something in exchange for forgoing the third level. He wants the benefit of all the provisions of the agreement plus one additional sentencing discount. But if the mistake was mutual, why should he benefit from it and the government bear the entire cost of the mistake? When a

contract is rescinded, the parties are put back where they were before there was a contract. "Rescission, simply stated, is the unmaking of a contract. It is a renouncement of the contract . . . and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract." *United States v. Gregory*, 245 F.3d 160, 166 (2d Cir. 2001), quoting *Kavarco v. T.J.E., Inc.*, 478 A.2d 257, 261 (Conn. App. 1984). A plea agreement is the same. E.g., *United States v. Williams, supra*, 198 F.3d at 993-94; *United States v. Ramunno*, 133 F.3d 476, 484 (7th Cir. 1998); *United States v. Ballis*, 28 F.3d 1399, 1409-10 (5th Cir. 1994); see generally *United States v. Scruggs*, 356 F.3d 539, 544-46 (4th Cir. 2004). We see now that by his expansive notion of "waiver," the defendant is seeking to avoid the limitations that contract law and criminal law alike place on efforts to obtain one-sided benefits by challenging a plea agreement.

As part of its investigation of the defendant, the government had made controlled purchases from him—that is, had given informants marked money to buy drugs from him and the informants had paid him this money, a total of $7,675. Naturally the government wanted its money back and the defendant agreed in the plea agreement to pay it back. (The government found some of the marked money, and so reduced its demand to $4,725.) The defendant now claims that he shouldn't have to pay because the government seized $6,710 in a lawful search of his home. That is, he's claiming a setoff. *In re Doctors Hospital of Hyde Park, Inc.*, 337 F.3d 951, 955 (7th Cir. 2003); *Selcke v. New England Ins. Co.*, 995 F.2d 688, 690-91 (7th Cir. 1993); *Nashville Lodging Co. v. Resolution Trust Corp.*, 59 F.3d 236, 246 (D.C. Cir. 1995); *United Structures of America, Inc. v. G.R.G. Engineering, S.E.*, 9 F.3d 996, 997-98 (1st Cir. 1993).

There is no inconsistency between your owing a sum of money and claiming not to have to pay it because the

intended recipient owes you more and should just deduct it from what you owe him and remit the difference to you. In other words, a claim to a setoff is not a repudiation of an obligation and so need not be inconsistent with a plea agreement; it could just be a means by which the defendant proposed to honor an obligation created by the agreement. But our defendant is not claiming a setoff; he is seeking to rewrite the plea agreement, again without seeking rescission. In fact, he can't claim a setoff. To do so would require him to establish his right to the money that the government seized from him when it searched its home. That in turn would require him, in a case such as this in which there has been no administrative or judicial forfeiture, to file a motion under Fed. R. Crim. P. 41(g) for the return of the money. E.g., *In re Search of 2847 East Higgins Road*, 390 F.3d 964, 965-66 (7th Cir. 2004); *United States v. Morgan*, 384 F.3d 439, 444 (7th Cir. 2004); *Okoro v. Callaghan*, 324 F.3d 488, 490-91 (7th Cir. 2003); *United States v. Felici*, 208 F.3d 667 (8th Cir. 2000). The defendant has not done that. He could not. The money was found in his home together with a large quantity of illegal drugs, a digital scale, and other evidence of drug trafficking. Clearly the money was proceeds from the sale of drugs, and as such expressly forfeitable, 21 U.S.C. § 881(a)(6), and hence not his lawful property. E.g., *United States v. Dusenbery*, 223 F.3d 422, 425 (6th Cir. 2000) (per curiam). So it couldn't be the basis of a setoff.

The government concedes, however, that the duty to repay the buy money should have been made a condition of supervised release rather than being embodied in an order of restitution. The buy money was an investigatory expense rather than property taken from, or damage to the property of, a victim of the defendant's crime. *United States v. Brooks*, 114 F.3d 106, 108 (7th Cir. 1997); *United States v. Daddato*, 996 F.2d 903 (7th Cir. 1993); see also *Gall v. United States*, 21 F.3d

107, 111-12 (6th Cir. 1994); *United States v. Salcedo-Lopez*, 907 F.2d 97 (8th Cir. 1990); see generally *United States v. Scott*, No. 04-1053, slip op. at 4-6 (7th Cir. Apr. 25, 2005). Either way, the government is entitled to the return of the money. But the defendant is better off owing the money as a condition of supervised release; for example, it means he doesn't have to pay it until his period of supervised release begins, and thus after he is released from prison, whereas a judge may order restitution to be paid in full immediately upon sentencing. 18 U.S.C. §§ 3664(f)(2), (3); *United States v. Sensmeier*, 361 F.3d 982, 991 (7th Cir. 2004); *United States v. Jones*, 289 F.3d 1260, 1265-66 (11th Cir. 2002) (per curiam); *United States v. Martin*, 278 F.3d 988, 1006 (9th Cir. 2002).

The order of restitution is modified as indicated in the preceding paragraph, and with respect to the prison sentence a limited remand is ordered in accordance with the *Paladino* decision.

A true Copy:

        Teste:

                             _____
                              *Clerk of the United States Court of Appeals for the Seventh Circuit*