NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 13, 2013
Decided August 14, 2013

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3175

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 11 CR 128-1 |
| CHARLES AUSTIN, *Defendant-Appellant*. | Rubén Castillo, *Judge*. |

**O R D E R**

Charles Austin sold 372 grams of crack to confidential informants in a series of transactions, and he was paid a total of $11,290. He pleaded guilty to distributing crack, 21 U.S.C. § 841(a)(1), and was sentenced to imprisonment for a period of 84 months to be followed by a 5 year term of supervised release. At the sentencing hearing, the district judge announced that as a condition of his supervised release, Austin would be required to repay the "buy money" that the government used to build its case against him, with installment payments allowed until the repayment was completed. However, when the written Judgment was issued, (using AO Form 245B), in addition to specifying the "buy money" repayment as a special condition of supervised release, it

also specified that the "buy money" was to be repaid *immediately*. Austin contends (and the government agrees) that the court should have ordered repayment only upon his release, and only as a condition of supervised release. We remand with instructions to the district court to modify the judgment.

In his written plea agreement, Austin agreed that as a condition of any term of supervised release he would repay the funds that the government had given its informants to buy drugs from him during its investigation. The district court accepted Austin's guilty plea and sentenced him to seven years' imprisonment followed by five years' supervised release. After discussing the standard conditions of supervised release, the district court recited several "additional" conditions including that Austin repay the government's buy money:

> While you are on supervised release, you cannot commit any other federal, state, or local crime. You shall comply with the standard conditions that are adopted by this Court and shall comply with the following additional conditions.
>
> …
>
> You shall repay to the United States the buy money in the amount of $11,290, and that should be paid. If it isn't paid by the time you are released, it shall be paid in equal monthly installments of at least 10% of your net monthly income until it is totally paid off.

The court memorialized this condition in its written judgment, which listed repayment of the buy money as a special condition of supervision. In the judgment's Schedule of Payments, however, the court added special instructions directing Austin to repay the $11,290 in buy money "immediately," with any unpaid balance to be paid off in monthly installments of at least 10 percent of his monthly income.

Austin appeals, maintaining that the district court lacked authority to order that he repay the government's buy money immediately. He asks that we either vacate the judgment and remand for further proceedings or modify the judgment to require repayment only after he begins his term of supervised release. The government agrees with Austin's assessment and suggests that we modify the judgment for the sake of judicial economy.

The district court erred in ordering Austin to repay the government's buy money immediately. Under the supervised release statute, 18 U.S.C. § 3583, a district court may impose monetary penalties as a condition of supervised release, but it may not require a defendant to make payments until his period of supervised release begins. *See States v.*

*Hassebrock*, 663 F.3d 906, 924 (7th Cir. 2011); *United States v. Cook*, 406 F.3d 485, 489 (7th Cir. 2005). It is true that a defendant can choose to pay an monetary obligation before it is due, such as the one imposed here, but that would have to be voluntary and cannot be required by the court. Here, the district court unambiguously identified repayment as a condition of Austin's supervised release, and it therefore lacked authority to order immediate repayment. Moreover, even if the district court had intended to impose repayment as a form of restitution (which is subject to immediate payment) under the Victim and Witness Protection Act, 18 U.S.C. §§ 1512–1515, 3663, 3664, repayment of buy money is not restitution because the government's expenses are not "losses" and the government is not a "victim" of the crimes it investigates. *See United States v. Anderson*, 583 F.3d 504, 509 (7th Cir. 2009); *Cook*, 406 F.3d at 489; *United States v. Brooks*, 114 F.3d 106, 108 (7th Cir. 1997); *United States v. Daddato*, 996 F.2d 903, 905–06 (7th Cir. 1993); *United States v. Cottman*, 142 F.3d 160, 169–70 (3d Cir. 1998); *United States v. Khawaja*, 118 F.3d 1454, 1460 (11th Cir. 1997); *United States v. Gibbens*, 25 F.3d 28, 36 (1st Cir. 1994); *United States v. Meacham*, 27 F.3d 214, 218 (6th Cir. 1994); *United States v. Salcedo-Lopez*, 907 F.2d 97, 98 (9th Cir. 1990).

Although we may modify the judgment to correct sentencing errors, *see* 28 U.S.C. § 2106; *United States v. Gutierrez Ceja*, 711 F.3d 780, 783–84 (7th Cir. 2013); *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010), it is unclear from the record whether the district court's error was merely typographical or if the court believed the law authorizes immediate repayment. Accordingly, and because the court may choose to alter the terms of supervised release in lieu of immediate repayment, we VACATE the conditions of supervised release portion of the judgment and REMAND to the district court for further proceedings consistent with this opinion.