PIERCE,'Justice,
concurring in result only:
¶ 69. Because-Rowsey faded to seek a speedy-trial determination in the trial court, I would hold that his speedy-trial claim on appeal is subject to plain-error review. As this Court held in Dora v. State, 986 So.2d 917 (Miss.2008), when speedy-trial rights (whether constitutional or statutory) .are raised for the first time on appeal, this Court can decide the issue only if we view it as plain error. See id. at 924-25 (citing Sanders v. State, 678 So.2d 663, 670 (Miss.1996)).
¶ 70. I agree with the majority that this Court wrongly employed the use of the term “waiver” in Wells v. State, 160 So.3d 1136 (Miss.2015), and Kolberg v. State, 829 So.2d 29 (Miss.2002), overruled on other grounds by Harrell v. State, 134 So.3d 266 (Miss.2014). What should have been said in those cases is that, by not obtaining a ruling in the trial court on a speedy-trial claim, the defendant failed to preserve the issue for appeal-thus relegating the claim to plain-error review. The majority incorrectly takes this to mean that I am suggesting Wells and Kolberg be overruled. Not so. Both cases simply used wrong terminology.' This Court, however, was correct when it declined to address the speedy-trial claim(s) on appeal.
¶ 71. The United States Supreme Court has never rejected the notion that failure to raise a speedy-trial claim in the trial court and/or pursue.the claim to a hearing before the trial court subjects the claim to plain-error review on appeal. What the Court rejected in Barker v. Wingo, 407 *506 U.S. 514, 92 S.Ct 2182, 33 L.Ed.2d 101 (1972), was a very specific “demand-waiver” rule: one in which a defendant waives his right to a speedy trial as to aiiy period prior to the time he demanded that his or her right be honored. Barker, 407 U.S. at 524-25, 92 S.Ct. 2182. This was the recognized practice in most jurisdictions at the time, and the Barker Court viewed this particular approach to be too rigid. As Barker explained,
The demand-waiver doctrine provides that a defendant waives any consideration of his right to speedy trial for any period prior to which he has not demanded a trial: Under this rigid approach, a prior demand is a necessary condition to the consideration of the speedy trial right.
Barker, 407 U.S. at 525, 92 S.Ct. 2182 (emphasis added). In rejecting the “demand-waiver” rule, Barker instead adopted the now-well-known balancing test, Which is a fact-intensive inquiry for the trial court to conduct (as Barker alluded to throughout). See Barker, 407 U.S. at 528-529, 92 S.Ct. 2182 (explaining that this approach allows the trial court to exercise judicial discretion based on the circumstances).
¶72. The federal courts have recognized this accordingly. In United States v. Serna-Villareal, 352 F.3d 225, 231 (5th Cir.2003), the Fifth Circuit reviewed for plain error the defendant’s claim that his constitutional right to a speedy trial resulted in actual prejudice. Similarly, in United States v. Sorrentino, 72 F.3d 294, 297 (2d Cir.1995), the Second Circuit reviewed both statutory and constitutional speedy-trial claims for plain error where no motion to dismiss the indictment was ever filed. Notably, the Second Circuit later overruled Sorrentino, in part, in United States v. Abad, 514 F.3d 271 (2d Cir.2008). Abad explained that, while unpreserved constitutional claims are subject to review for plain error, unpreserved Speedy Trial Act claims under 18 U.S.C. § 3162 are deemed waived in accordance with Section 3162(a)(2). Id. In United States v. Gomez, 67 F.3d. 1515, 1521 (10th Cir.1995), the Tenth Circuit reviewed a constitutional speedy-trial claim under plain error where the issue was not raised at all before the district court. See also United States v. McDaniel, 631 F.3d 1204, 1209 n. 2 (11th Cir.2011) (applying plain-error review to constitutional speedy-trial argument not raised in district court); United States v. Rice, 746 F.3d 1074, 1082 (D.C.Cir.2014) (same); United States v. Green, 516 Fed.Appx. 113, 124 (3rd Cir.2013) (same); United States v. O’Connor, 656 F.3d 630, 643 (7th Cir.2011) (same).
¶73. The majority finds that applying the plain-error standard to speedy-trial claims does not comport with Myers v. State, 145 So.3d 1143, 1151 (Miss.2014), and its dichotomy, arid that it would prejudice the' State. Hardly.
¶ 74. Under plain-error review, the appellant-not the State-bears the burden of showing not only that an error occurred but also that it resulted in either a manifest miscarriage of justice or seriously affected the fairness or public reputation of the judicial proceedings. Flora v. State, 925 So.2d 797, 811 (Miss.2006). If the appellant is able to demonstrate the likelihood of such, as occurred in Myers, 145 So.3d 1143, then it would be proper for the reviewing court to remand the case to the circuit court for the purpose of allowing the State to present- evidence explaining the delay and allowing the trial court to conduct a Barker analysis. But if the appellant is unable to do so on appeal, as was the case in Wells and Kolberg, then the reviewing court may decline to entertain the matter on appeal.
*507 ¶ 75. It is important to remember that, with regard to speedy-trial claims, each case depends on the circumstances. Indeed, the Supreme Court was careful in Barker to reiterate so: “The right of a speedy trial is necessary relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. [But it], does not preclude the rights of public justice.” Barker, 407 U.S. at 522, 92 S.Ct. 2182 (quoting Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950 (1905)).
¶ 76. I agree with Justice Coleman that this Court has spoken inconsistently on the question of speedy-trial rights. This, no doubt, is due to the Barker decision itself, which the Supreme Court purposely left indefinite based on its recognition that “the right to speedy trial is a more vague concept than other procedural rights.” Barker, 407 U.S. at 521, 92 S.Ct. 2182. It is a right that is “amorphous,” “slippery,” and “necessarily relative.” Id. at 522, 92 S.Ct. 2182. And this Court, along with countless others, understandably had faltered in the past by failing to keep this in mind. Accordingly, I am cautious of our precedent in this area. For example, in Brengettcy v. State, 794 So.2d 987, 994 (Miss.2001), this Court failed to .cite any authority for the proposition that “there is no procedural bar solely, for failing to properly pursue [a speedy trial] claim, in open court.” All too often, Barker is. either quoted or read out of context, (see, e.g., Brengettcy, 794 So.2d 987).
¶77. Again, the notion here is that Barker rejects the holding that failure to raise a speedy-trial claim in the trial court and/or pursue the claim to a hearing before the trial court, subjects the claim to plain-error review on appeal. It does not. And, as mentioned, the federal courts have recognized so-partieularly with the advent of United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), where the; Court reiterated the difference between “waiver” of a constitutional right and “forfeiture” of the same right. There, the Supreme Court explained that “waiver is the ‘intentional relinquishment or abandonment of a known right.’ ” Id. (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). Forfeiture, on the other hand, is failure to make the timely assertion of a right. Id. A valid waiver means there was no error, and there is nothing to review on appeal. United States v. Cook, 406 F.3d 485, 487 (7th Cir.2005). A right that has been forfeited, however, may be reviewed for plain error. United States v. Carrasco-Salazar, 494 F.3d 1270 (10th Cir.2007).
¶78. This is consistent with Sanders and Dora. See also Serna-Villarreal, 352 F.3d at 231; Sorrentino, 72 F.3d at 297; Abad, 514 F.3d 271; Gomez, 67 F.3d at 1521; McDaniel, 631 F.3d at 1209 n. 2; Green, 516 Fed.Appx. at 124; Rice, 746 F.3d at 1082; O’Connor, 656 F.3d at 643.
¶ 79. Were this' Court to take the position that defendants can always raise a speedy-trial claim on appeal regardless of failing first to present the claim in the trial court, defendants would have great incentive not' to insist upon a speedy trial or assert a-speedy-trial claim. This is because, under this approach, defendants can sleep on their rights below, possibly reap-at trial-benefits caused by the delay, then raise the issue for the first time on appeal if unsuccessful.
¶ 80. But, by following in line "with Sanders and Dora, making our plain-error standard applicable in such cases, defendants would be much less likely to try such a stratagem. Further, if .the defendant brings his complaint to the trial court first, the trial court can grant the appropriate remedy before the expense and other burdens of a trial (and an appeal) have been *508 incurred. This also allows the trial court to develop the record sufficiently for a Barker analysis, which in turn allows the appellate courts to assess the claim more accurately.
¶ 81. For these reasons, I concur in the result reached by the majority.
WALLER, C.J., AND RANDOLPH, P.J., JOIN THIS OPINION.