# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SALUSSOLIA, SALADINO, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant DAVID L. WILDER**
**United States Army, Appellant**

ARMY 20170253

Headquarters, United States Army Alaska
Scott A. Oravec and Sean F. Mangan, Military Judges
Colonel Roseanne M. Bennett, Staff Judge Advocate

For Appellant:  Captain Augustus Turner, JA; James D. Culp, Esquire (on brief).

For Appellee:  Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Hannah E. Kaufman, JA; Lieutenant Colonel Karen J. Borgerding (on brief).

4 April 2019

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual abuse of a child who had attained the age of twelve years but who had not the attained the age of sixteen years, in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

WILDER—ARMY 20170253

We review this case under Article 66, UCMJ. Appellant assigns two errors, one of which merits discussion, but no relief.*

**BACKGROUND**

Appellant's conviction stems from an incident in October of 2014 when he entered the bedroom of his sleeping foster child, and sexually assaulted her by touching her breasts and buttocks. The victim reported the incident the next day and a law enforcement investigation was commenced. Appellant was interviewed by Army Criminal Investigation Command (CID), waived his rights, and made several admissions. Appellant's CID interview was recorded.

---

\* Appellant's other assignment of error asserts his trial defense counsel were ineffective for not objecting to the admission of his CID recorded interview.

Although appellant's assignment of error attacks his trial defense counsels' decision not to object on foundational grounds, appellant also appears to claim his defense counsel were deficient in not objecting to the video on the grounds his confession was coerced and involuntary. Upon review, we find no merit to either assertion.

An ineffective assistance claim based on a failure to object to the admission of evidence is tied to the admissibility of the underlying evidence. First, appellant fails to meet his burden of demonstrating his defense counsel were deficient for not offering a foundational objection to his CID interview. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011) (appellant must show counsel's representation fell below an objective standard of reasonableness). Appellant merely asserts the agent *might* not have been available at trial to lay the proper foundation for his recorded interview. This mere speculation is clearly insufficient to demonstrate deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Our superior court has determined that, "[w]hen a claim of ineffective assistance of counsel is premised on counsel's failure to make a motion to suppress evidence, an appellant must show that there is a reasonable probability that such a motion would have been meritorious." *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2001) (quoting *United States v. Napoleon*, 46 M.J. 279, 284 (C.A.A.F. 1997)). "Given this standard, the decisional issue is whether [a]ppellant has carried his burden to show that his counsel would have been successful if he had filed a timely motion preventing the admission [of the evidence]." *United States v. Jameson*, 65 M.J. 160, 164 (C.A.A.F. 2007). Appellant also fails to convince us that a motion to suppress based on alleged coercion and involuntariness would have been meritorious. Rather, under the totality of the circumstances surrounding appellant's CID interview, considering the characteristics of appellant and the details of the interview, we find his statements to CID were voluntary. *See United States v. Freeman*, 65 M.J. 451, 453-55 (C.A.A.F. 2008).

2

At trial, the defense counsel moved to suppress appellant's CID recorded interview on the ground that it lacked corroboration in accordance with Military Rule of Evidence [Mil. R. Evid.] 304(c) ("Corroboration" of a Confession or Admission"). During the colloquy on the motion, the military judge asked the defense counsel if he had "any additional basis" other than a lack of corroboration. To this inquiry the defense counsel responded his objection was based on "just [Mil. R. Evid] 304(c)." Moments later, the military judge, once again, asked if the defense counsel had any other basis for objecting to which he, again, responded in the negative. After issuing his ruling denying the defense counsel's motion to suppress, but before admitting the CID recorded interview into evidence, the military judge, once more, received assurance from the defense counsel that he did not have any further ground for his motion. The military judge then admitted the CID recorded interview into evidence.

## LAW AND DISCUSSION

On appeal, appellant does not challenge the military judge's denial of his motion to suppress based on a finding that appellant's admissions during the CID recorded interview were corroborated. Rather, in appellant's assignment of error, he challenges for the first time his admissions to CID on the ground that the statements were involuntary. *See* Mil. R. Evid. 304(a). More specifically, appellant claims his statements during the CID recorded interview were "obtained under duress and through the use of coercion and unlawful inducement." *See* Mil. R. Evid. 304(a)(1)(A). In other words, appellant now challenges the voluntariness of his confession.

We need not reach the merits of appellant's claim because based on both the ordinary rules of waiver, *United States v. Campos*, 67 M.J. 330, 332-33 (C.A.A.F. 2009), and the specific dictates of Mil. R. Evid. 304(f)(1), appellant waived his right to claim that his statements were inadmissible on the ground of involuntariness.

In *Campos*, our superior court described the difference between waiver and forfeiture as, "[a] forfeiture is basically an oversight; a waiver is a deliberate decision not to present a ground for relief that might be available in the law." 67 M.J. at 330, 332 (quoting *United States v. Cook*, 406 F.3d 485, 487 (7th Cir. 2005)).

> While we review forfeited issues for plain error, we cannot review waived issues at all because a valid waiver leaves no error for us to correct on appeal. In determining whether a particular circumstance constitutes a waiver or a forfeiture, we consider whether the failure to raise the objection at the trial level constituted an intentional relinquishment of a known right.

*Id.* (citations omitted).

The record before us makes clear that this is not a case where appellant's CID interview was admitted without objection. Here, the defense counsel clearly specified his sole ground for objection was a lack of corroboration under Mil. R. Evid. 304(c). Additionally, prior to admitting the interview into evidence, the military judge asked the defense counsel several times if there was any other basis for suppression. The defense counsel indicated each time that there was none. Accordingly, we find that appellant *intentionally* relinquished his right to object to the admission of his statements during the CID interview based on a theory of involuntariness under Mil. R. Evid. 304(a).

We also find waiver under the plain language of Mil. R. Evid. 304(f)(1). Military Rule of Evidence 304(f)(1) adds "rule-based suspenders to the ordinary waiver belt," as it states, "[f]ailure to so move or object constitutes a waiver of the objection." *United States v. Swift*, 76 M.J. 210, 217 (C.A.A.F. 2017); *see also* Mil. R. Evid 304(f)(1). As our superior court noted in *United States v. Ahern*, "[t]his is not a case where [Mil. R. Evid. 304(f)(1)] uses the word 'waiver' but actually means 'forfeiture.'" 76 M.J. 194, at 197 (C.A.A.F. 2017). "[Military Rule of Evidence] 304(f)(1) does not mention plain error review and instead unambiguously provides that any claim arising under [Mil. R. Evid.] 304 is waived absent an objection." *Id*.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4