# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39578**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Daniel C. MORTON, II**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 January 2020

————————————

*Military Judge:* Joseph S. Imburgia.

*Approved sentence:* Bad-conduct discharge, confinement for 45 days, and reduction to E-1. Sentence adjudged 22 August 2018 by GCM convened Joint Base Pearl Harbor-Hickam, Hawaii.

*For Appellant:* Captain M. Dedra Campbell, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and RAMÍREZ, *Appellate Military Judges.*

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge Mink and Judge LEWIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RAMÍREZ, Judge:

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of one specification of wrongful use of cocaine on divers occasions, in violation of Article 112a, Uniform Code of Military Justice

(UCMJ), 10 U.S.C. §912a.[1] He was found not guilty of one specification of wrongful use of 3,4-methylenedioxymethamphetamine. The court-martial sentenced Appellant to a bad-conduct discharge, confinement for 45 days, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Appellant raises one issue on appeal: whether the military judge's admission of Prosecution Exhibit 6 during the pre-sentencing phase of the court-martial constituted plain error.[2] Additionally, in a footnote Appellant notes an issue concerning his clemency request, but concedes that he was not materially prejudiced. We find no prejudicial error in any of the raised or non-raised issues and affirm.[3]

## I. BACKGROUND

During the trial, Appellant stipulated that he tested positive for 3,4-methylenedioxymethamphetamine on one occasion, and that he tested positive for cocaine on four occasions. The Defense attacked the *mens rea* required to be found guilty; however, officer members found Appellant guilty of the wrongful use of cocaine on divers occasions.

During the pre-sentencing phase of the court-martial, the Prosecution offered four exhibits which consisted of Appellant's personal data sheet; enlisted performance reports; two records of non-judicial punishment; and the exhibit at issue (Prosecution Exhibit 6), a letter of admonishment (LOA), which consisted of 22 pages. The actual exhibit begins with the LOA itself, which is dated 13 May 2016. It also includes Appellant's response to the LOA. The remaining

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Appellant raises this issue, personally, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] Although not raised by the Appellant, we also noted and considered that, contrary to R.C.M. 1103(i)(1)(B), the record of trial did not include a Defense's Certificate of Review and therefore there is no evidence that it was sent to the trial defense counsel for examination prior to authentication. However, there is nothing in the record to indicate that allowing prior defense review would have resulted in unreasonable delay and there is no indication that the record transcript is not accurate. The Defense had the authenticated record in time for review in connection with the staff judge advocate recommendation, made no objection, submitted clemency, and raised no error with the accuracy of the record of trial to the convening authority. Accordingly, we find no prejudice to Appellant.

19 pages of Prosecution Exhibit 6 include a notification to Appellant's commander that Appellant was past due on his Military STAR Card payment and indebted to the Army and Air Force Exchange Service (AAFES), a report showing money due on Appellant's government travel card (GTC), and an account reinstatement form with Appellant's GTC statement for the period of 21 January 2017 through 22 February 2017.

At the pre-sentencing hearing, the Government offered Prosecution Exhibit 6. The military judge reviewed the document, confirmed that it was the same document that had previously been included in the record as Appellate Exhibit XV, then gave trial defense counsel an opportunity to object. Initially trial defense counsel objected on cumulative grounds; however, the record is clear that trial defense counsel thought it was duplicative of a different exhibit. After the military judge discussed the contents of the exhibit, the trial defense counsel stated, "I'm sorry; that's my mistake. No objection, Your Honor."

With no objection from the Defense, Prosecution Exhibit 6 was admitted, the Government and Defense admitted the rest of their sentencing exhibits, both sides made sentencing arguments, and the members deliberated.

As previously indicated, the members sentenced Appellant to a bad-conduct discharge, confinement for 45 days, and reduction to the grade of E-1. Appellant now claims that the military judge's admission of Prosecution Exhibit 6 during the pre-sentencing phase of the court-martial constituted plain error.

## II. DISCUSSION

A. **Law**

While this Court reviews a military judge's decision to admit or exclude evidence for an abuse of discretion, *United States v. Erikson*, 76 M.J. 231, 234 (C.A.A.F. 2017) (citation omitted), when an appellant does not raise an objection to the admission of evidence during trial, this court first determines whether the appellant waived or forfeited that objection. *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018) (citation omitted). Whether an accused has waived or instead forfeited an issue is a question of law this court reviews de novo. *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (citation omitted).

"[F]orfeiture is the failure to make the timely assertion of a right . . . ." *Id.* (quoting *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)). We review forfeited issues for plain error. *Id.* (citing *Gladue*, 67 M.J. at 313). To prevail under a plain error analysis, an appellant must show (1) there was error; (2) which was plain or obvious; and (3) the error materially prejudiced the appellant's substantial right. *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007) (citations omitted).

"Waiver," on the other hand, "is the intentional relinquishment or abandonment of a known right." *Id.* (quoting *Gladue*, 67 M.J. at 313). With waiver, there is no error to correct on appeal. *Id.* (citing *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)).

"A forfeiture is . . . an oversight." *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009) (quoting *United States v. Cook*, 406 F.3d 485, 487 (7th Cir. 2005)). "[A] waiver is a deliberate decision not to present a ground for relief that might be available in the law." *Id.*

**B. Analysis**

Appellant asserts the plain error analysis applies, but does not mention either forfeiture or waiver. Appellant claims the military judge committed plain error because Prosecution Exhibit 6 did not fall under Rule for Courts-Martial (R.C.M.) 1001(b)(2) or R.C.M. 1001(b)(4), and it consisted of more than just an LOA. The Government argues that waiver applies because Appellant waived the issue when trial defense counsel affirmatively stated on the record that the Defense had no objections to the proffered Prosecution Exhibit 6.

Based on the record before this Court, the Defense waived this issue. This Court relies on five, non-exhaustive factors when considering whether waiver has been clearly established and there is an intentional relinquishment or abandonment of a known right or privilege. *United States v. Monarque*, No. ACM S32412, 2017 CCA LEXIS 245, at *10 (A.F. Ct. Crim. App. 6 Mar. 2017) (unpub. op.). Those factors include "(1) whether the right was a known right or privilege at the time of the waiver; (2) whether the waiver was part of the defense's trial strategy; (3) whether the defense had knowledge of the proffered evidence and had time and opportunity to review it; (4) whether the defense was given an opportunity to object to the admissibility of the evidence; and (5) whether the appellant now raises ineffective assistance of counsel with regard to the issue of waiver." *Id.*

Here, (1) the military judge asked the Defense if there was an objection, therefore, the Defense knew any objection was a known right; (2) there is no evidence before the court to determine whether the waiver was part of the Defense's trial strategy, but the record reflects the Defense thought about the objection as well as articulated an initial objection, stating "Your Honor, the only objection that we have is it's sort of cumulative because it seems that he received an LOA for the same incident that he received an Article 15 for; the initial one, where they charged him with a violation of Article 123a[, UCMJ]" before changing his mind, explaining, "I'm sorry; that's my mistake. No objection, Your Honor[;]" and (3) based on the record of trial, it is clear that the Defense had knowledge of the proffered evidence as it was also an appellate

exhibit (Appellate Exhibit XV) and had time and opportunity to review it. Specifically to this third factor, prior to calling Appellant to testify, trial defense counsel requested a hearing outside the presence of the members during an Article 39(a), UCMJ, 10 U.S.C. § 839, session. At the Article 39(a) session, trial defense counsel objected to potential cross-examination of Appellant dealing with the underlying information in Appellate Exhibit XV/Prosecution Exhibit 6 based on Mil. R. Evid. 404(b) and Mil. R. Evid. 403. The record was clear that the Defense had received the documents as part of discovery, which prompted the trial objection. As for factor (4), the record is clear that the military judge gave the Defense an opportunity on the record to object to the admissibility of the evidence; and (5), Appellant does not raise ineffective assistance of counsel with regard to the issue of waiver.

The Defense not only declined to object upon receiving notice of the exhibit for sentencing purposes, but trial defense counsel affirmatively told the military judge the Defense did not object to the evidence. The United States Court of Appeals for the Armed Forces has explained that under the ordinary rules of waiver, an appellant's affirmative statements that he had no objection to the admission of evidence "operate[s] to extinguish his right to complain about the evidence's admission on appeal." *Ahern*, 76 M.J. at 198 (citing *Campos*, 67 M.J. at 332–33) ("finding waiver where appellant stated that he had 'no objection' to the admission of testimony") (additional citation omitted).

This court acknowledges that whether a right is waivable; whether an appellant must personally participate in the waiver; whether procedures are required for waiver; and whether an appellant's choice must be particularly informed or voluntary, will depend on the right at stake. *Id.* at 197 (citing *United States v. Girouard*, 70 M.J. 5, 10 (C.A.A.F. 2011)).

Under the particular facts of this case, we find the Defense's affirmative decision not to object to the Government's exhibit is a situation where the ordinary rules of waiver apply. As such, the Defense waived this issue. Separately, we recognize our authority under Article 66, UCMJ, 10 U.S.C. § 866, to pierce a waiver in order to correct a legal error. *See United States v. Hardy*, 77 M.J. 438, 443 (C.A.A.F. 2018). We decline to exercise our Article 66(c) authority to pierce this waived issue.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and the sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court